## TOBY vs. MAURIAN.

### APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

No recovery can be had of the endorser, until demand of payment has been made on the drawer or maker, or on his heirs or legal representatives if he be dead, unless the impossibility of making such a demand is shown,

So where the maker of a note died on the last day of grace, the notary, on calling at his domicil being informed of his death, protested the note for non-payment, and notified the endorser thereof: Held, that there was no demand of payment sufficient to bind the endorser.

This is an action against the endorser of a promissory note, signed by A. Peychaud, for one thousand dollars, payable to the order of the defendant, and by him endorsed to the plaintiff. The latter alleges, that payment was duly demanded of· the drawer, and the note protested for non-payment, of which the defendant as endorser had due notice. He prays judgment against said defendant for the amount of the note, interest and costs.

The defendant pleaded the general issue; admitted his signature, and averred that he was not liable as endorser, because the note had not been legally protested, nor had he been legally notified of its dishonor.

The protest states, "that the notary went to the house formerly occupied by the drawer in order to demand payment, and was informed by a servant whom he found there, (no other person being about the premises) that Peychaud, the maker of the note, was dead."

*Vinot*, the notary's clerk, states the note was protested on the last day of grace, being the 27th February, 1834. That on the day of the protest, he made demand of payment of the note, at the domicil of Mr. Peychaud, who was then a corpse in the house, and was told by a mulatto woman, the only person present, that it was the day of the funeral.

It was proved the defendant had notice of this protest. The evidence also showed, that the maker of the note left a widow and two brothers.

The district judge was of opinion no other demand was necessary, than simply to protest the note for non-payment, and notify the endorser thereof, and that he would be held liable. The court relied on the case of *Hale* vs. *Burr*, 12 *Mass. Reports*, 86, in support of its opinion. Judgment was given for the plaintiff, and the defendant appealed.

*Lockett*, for the plaintiff, insisted that this case did not come within any of the rules or principles established in former cases. That no demand was necessary in this case, but that the endorser was simply to be notified of the non-payment of the note, and that he would be looked to for payment.

2. He relies on the reasons and authorities referred to in the opinion of the district judge, as being correct, and which should prevail in this case.

*Roselius and Mazureau*, for the defendant, argued from the following points and authorities.

1. The defendant is not liable as endorser, because no demand of payment was made on the widow or heirs of the deceased, even at the domicil of the maker of the note; nor is there any thing equivalent to a demand of payment in this case.

2. A demand is absolutely necessary to be made on the maker of a note or bill, or of his heirs, or on his legal representative, if he be dead. Due diligence must be used to discover their residence; and none of these pre-requisites having been complied with in this case, the endorser is thereby discharged. *Chitty on Bills*, 268, *Am. ed.* 1817. *Ed. of* 1828, *p.* 317. *Bayley do.* 128. 2 *Practical Abr. of Com. Law Cases*, 288, 292. 3 *Peters*, 89. 7 *Ib.* 364. 1 *Pardessus*, 392. *Pothier Contrat de Change, No.* 146.

*Martin J.,* delivered the opinion of the court.

The defendant is sued as endorser of a promissory note, for one thousand dollars, executed by Peychaud. Judgment was rendered against him for the amount claimed. He now claims a reversal of the judgment, on the ground that he was condemned as endorser to pay the sum demanded, when payment was never demanded from the maker, nor from any person representing him, or succeeding to his rights and obligations.

The record shows that the maker of the note, died on the last day of grace, or during the night preceding it. That when the notary's clerk called at the house and late domicil of the drawer of the note sued on, to demand payment, he found no person present, except a mulatto woman, who informed him of the death of Peychaud, and pointed him to the corpse in the coffin. The note was then protested without any inquiry or demand being made, of any heir or representative of the deceased.

It is clear that no recourse can be had against the endorser of a note, until a demand has been made on the maker, if living, or on his heir or legal representative after his death, unless the impossibility of making such a demand is made apparent. This has not been shown in the present case. The authorities on this point, and which support the position here laid down, are numerous; of the highest character and authority, and conclusive on this subject. *Chitty on Bills*, 317, *ed.* 1828. *Bayley do.* 128. 2 *Practical Abr. of Am. Cases*, 288, 292. 3 *Peters*, 89. 7 *Ib.* 287. 7 *Martin*, 364. 1 *Pardessus*, 392. *Pothier Contrat de Change, No.* 146.

*No recovery can be had of the endorser until demand of payment has been made on the drawer or maker, or on his heirs or legal representatives, if he be dead, unless the impossibility of making such a demand is shown.*

*So where the maker of a note died on the last day of grace, on the notary on calling at his domicil being informed of his death, protested the note for non-payment and notified the endorser thereof: Held, that there was no demand of payment sufficient to bind the endorser.*

EASTERN DIST.    It is, therefore, ordered, adjudged and decreed, that the
January, 1835.   judgment of the District Court be annulled, avoided and
OLIVIER          reversed ; and that judgment be entered for the defendant,
vs.              with costs in both courts.
ANDRY.